# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TIMOTHY PYLE, on behalf of himself and all others similarly situated, | Civil Case Number: 3:20-cv-253 |
| Plaintiff(s), | |
| v. | JURY TRIAL DEMANDED |
| ACCESS CAPITAL SERVICES, INC., | |
| Defendant(s). | |

## COMPLAINT -- CLASS ACTION

### PRELIMINARY STATEMENT

1.      Plaintiff on behalf of himself and all others similarly situated ("Plaintiff"), by and through his attorneys, alleges that the Defendant, ACCESS CAPITAL SERVICES, INC. ("ACCESS CAPITAL") and their employees, agents and successors (collectively "Defendants") violated 15 U.S.C. § 1692 *et seq.*, the Fair Debt Collection Practices Act (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

### JURISDICTION AND VENUE

2.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331. This is an action for violations of 15 U.S.C. § 1692 *et seq*.

3.      Venue is proper in this district under 28 U.S.C. §1391(b) and 15 U.S.C. § 1692k(d) because the acts of the Defendant that give rise to this action, occurred in substantial part, in this district.

### PARTIES

4. Plaintiff is a natural person, a resident of Somerset County, Pennsylvania and is a "Consumer" as defined by 15 U.S.C. § 1692a(3).

5. ACCESS CAPITAL maintains a location at 419 W Murray Avenue, Visalia, California 93291.

6. ACCESS CAPITAL uses the instrumentalities of interstate commerce or the mails to engage in the principal business of collecting debt.

7. ACCESS CAPITAL uses the instrumentalities of interstate commerce or the mails to regularly engage in the collection or attempt to collect debt asserted to be due or owed to another.

8. ACCESS CAPITAL is a "Debt Collector" as that term is defined by 15 U.S.C. § 1692(a)(6).

**STATEMENT OF FACTS**

9. Plaintiff is at all times to this lawsuit, a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

10. At some time prior to November 4, 2020, Plaintiff allegedly incurred a financial obligation to CONVERGENCE ACQUISITIONS ("CONVERGENCE") or a previous creditor ("CONVERGENCE obligation").

11. The CONVERGENCE obligation arose out of a transaction, in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family or household purposes.

12. Plaintiff incurred the CONVERGENCE obligation by obtaining goods and services which were primarily for personal, family and household purposes.

13. The CONVERGENCE obligation did not arise out of a transaction that was for non-personal or business use.

14. The CONVERGENCE obligation is a "debt" as defined by 15 U.S.C. § 1692a(5).

15. On or before November 4, 2020, CONVERGENCE referred the CONVERGENCE obligation to ACCESS CAPITAL for the purpose of collections.

16. At the time the CONVERGENCE obligation was referred to ACCESS CAPITAL, the CONVERGENCE obligation was in default.

17. ACCESS CAPITAL caused to be delivered to Plaintiff a letter dated November 4, 2020. A copy of said letter is annexed hereto as **Exhibit A**, which is fully incorporated herein by reference.

18. The letter was sent to Plaintiff in connection with the collection of the CONVERGENCE obligation.

19. The letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

20. The November 4, 2020 letter was the initial written communication that Plaintiff received from Defendant. No other written communication was received by Plaintiff from Defendant within five days of the November 4, 2020 letter.

21. Upon receipt, Plaintiff read the letter.

22. The letter provided the following information regarding the balance claimed due on the CONVERGENCE obligation:

      Balance      $1,002.43

23. The November 4, 2020 letter also identified Plaintiff's account and/or file number with Defendant.

24. As part of Defendant's customary and usual practice, the November 4, 2020 letter was mailed in a window envelope.

25. The November 4, 2020 letter exposed Plaintiff's account and/or file number with on or through the window envelope.

26. The account and/or file number constitutes personal identifying information.

27. The account and/or file number is a piece of information that can identify the Plaintiff and further, identify the Plaintiff as a debtor.

28. The account number is not meaningless - it is a piece of information capable of identifying [the consumer] as a debtor. And its disclosure has the potential to cause harm to a consumer that the FDCPA was enacted to address. *Douglass v. Convergent Outsourcing*, 765 F. 3d 299 (3rd Cir. 2014).

29. ACCESS CAPITAL knew or should have known that its actions violated the FDCPA.

30. Defendants could have taken the steps necessary to bring their actions within compliance with the FDCPA, but neglected to do so and failed to adequately review its actions to ensure compliance with the law.

## POLICIES AND PRACTICES COMPLAINED OF

31. It is Defendants' policy and practice to send written collection communications, in the form annexed hereto as **Exhibit A**, which violate the FDCPA, by *inter alia*:

> (a) Using false, deceptive or misleading representations or means in connection with the collection of a debt; and
>
> (b) Using language and/or symbols on or appearing through envelopes mailed to consumers that reveal information other than the debt collector's address.

32. Defendants have sent written communications in the form annexed hereto as **Exhibit A**, to at least 50 natural persons in Pennsylvania within one year of this Complaint.

## CLASS ACTION ALLEGATIONS

33. Plaintiff brings this action as a class action, pursuant to Rule 23 of the FRCP, on behalf of himself and all Pennsylvania consumers and their successors in interest (the "Class"), who were sent debt collection letters and/or notices from the Defendant, in violation of the FDCPA, as described in this Complaint.

34. This Action is properly maintained as a class action. The Class is initially defined as:

> All Pennsylvania consumers who were sent letters and/or notices from ACCESS CAPITAL (*See* **Exhibit A**), which displayed the addressee's account and/or file number on or through the window of the envelope or which otherwise revealed the addressee's account and/or file number on or through the envelope.
>
> The class definition may be subsequently modified or refined. The Class period begins one year prior to the filing of this Action.

35. The Class satisfies all the requirements of Rule 23 of the FRCP for maintaining a class action:

> a. <u>Numerosity:</u> The Class is so numerous that joinder of all members is impracticable because there are hundreds and/or thousands of persons who were sent debt collection letters and/or notices from the Defendant(s) that violate specific provisions of the FDCPA. Plaintiff is complaining about a standard form letter and/or notice that was sent to at least fifty (50) persons (*See* **Exhibit A**). The undersigned has, in accordance with FRCP Rule 5.2, redacted the financial account numbers and/or personal identifiers in said letter.

b. <u>Commonality</u>: There are questions of law and fact common to the class members which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation:

   i. Whether the Defendants violated various provisions of the FDCPA;

   ii. Whether Plaintiff and the Class have been injured by the Defendants' conduct;

   iii. Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendants' wrongdoing and if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and

   iv. Whether Plaintiff and the Class are entitled to declaratory relief.

c. <u>Typicality</u>: Plaintiff's claims are typical of the Class, which all arise from the same operative facts and are based on the same legal theories.

d. <u>Adequacy of Representation:</u> Plaintiff has no interest adverse or antagonistic to the interest of the other members of the Class. Plaintiff will fairly and adequately protect the interest of the Class and has retained experienced and competent attorneys to represent the Class.

36. A Class Action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiff anticipates no unusual difficulties in the management of this class action.

37. A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without the duplication of effort and expense that numerous individual actions would engender. Class treatment will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein. Absent a Class Action, class members will continue to suffer losses of statutory protected rights as well as damages.

38. Defendant(s) have acted on grounds generally applicable to the entire Class, thereby making appropriate final relief with respect to the Class as a whole.

## COUNT I
## FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692 *et seq.* VIOLATIONS

39. Plaintiff, on behalf of himself and others similarly situated, repeats and realleges all prior allegations as if set forth at length herein.

40. Collection letters and/or notices, such as those sent by Defendants, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

41. Defendants violated 15 U.S.C. § 1692f by:

    a. using unfair and unconscionable collection practices in connection with the collection of a debt; and/or

    b. using language and/or symbols on or which appeared through envelopes mailed to consumers that reveal information other than the debt collector's address, in violation of 15 U.S.C. § 1692f(8).

42. Defendants violated 15 U.S.C. §1692f(8) by displaying the addressee's account and/or file number on or through the window envelope.

43. Defendants' conduct as described herein constitutes unfair or unconscionable means to collect or attempt to collect any debt.

44. Congress enacted the FDCPA in part to eliminate abusive debt collection practices by debt collectors.

45. Plaintiff and others similarly situated have a right to free from abusive debt collection practices by debt collectors.

46. Plaintiff and others similarly situated have a right to receive proper notices mandated by the FDCPA.

47. Plaintiff and others similarly situated were sent letters, which displayed and/or revealed the addressee's account and/or file number on or through the window envelope thereby violating the FDCPA and violating the privacy of Plaintiff and others similarly situated.

48. Plaintiff and others similarly situated have suffered harm as a direct result of the abusive, deceptive and unfair collection practices described herein.

49. Plaintiff has suffered damages and other harm as a direct result of Defendants actions, conduct, omissions and violations of the FDCPA described herein.

**PRAYER**

**WHEREFORE,** Plaintiff demands judgment against Defendants as follows:

(a) Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative and his attorneys as Class Counsel;

(b) Awarding Plaintiff and the Class statutory damages;

(c) Awarding Plaintiff and the Class actual damages;

(d) Awarding pre-judgment interest;

(e) Awarding post-judgment interest.

  (f) Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses; and

  (g) Awarding Plaintiff and the Class such other and further relief as the Court may deem just and proper.

## DEMAND FOR TRIAL BY JURY

50. Plaintiff demands trial by jury on all issues so triable.

Dated: December 29, 2020

      */s/ Robert P. Cocco*
      Robert P. Cocco, Esq. (Pa. I.D. no. 61907)
      Law Offices of Robert P. Cocco, P.C.
      1500 Walnut Street, Suite 900
      Philadelphia, Pennsylvania 19102
      (215) 351-0200 telephone
      (215) 827-5403 facsimile

# EXHIBIT A

**ACCESS CAPITAL SERVICES, INC.**
1625 E Shaw Suite 137 Fresno, CA. 93710
PO Box 16187 Fresno, CA. 93755
www.acscollectors.com
**(855) 235-8705**
**(559) 732-5221**



November 4, 2020

Creditor:     CONVERGENCE ACQUISITIONS
Account #:    ███████753
Balance:      $1,002.43

Dear TIMOTHY PYLE:

This account has been listed with our office for collection.

**This communication is from a debt collector. This is an attempt to collect a debt and any information obtained will be used for that purpose.**

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt, or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice that you dispute the validity of this debt, or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request of this office in writing within 30 days after receiving this notice this office will provide you with the name and address of the original creditor, if different from the current creditor.

The state Rosenthal Fair Debt Collection Practices Act and the federal Fair Debt Collection Practices Act require that, except under unusual circumstances, collectors may not contact you before 8 a.m. or after 9 p.m. They may not harass you by using threats of violence or arrest or by using obscene language. Collectors may not use false or misleading statements or call you at work if they know or have reason to know that you may not receive personal calls at work. For the most part, collectors may not tell another person, other than your attorney or spouse, about your debt. Collectors may contact another person to confirm your location or enforce a judgment. For more information about debt collection activities, you may contact the Federal Trade Commission at 1-877-FTC-HELP or www.ftc.gov.

IDAKS1855001

***Detach Lower Portion and Return with Payment***

---

| IF PAYING BY CREDIT CARD, COMPLETE ALL, SIGN AND RETURN. | | |
|---|---|---|
| CHECK CARD USING FOR PAYMENT | ☐ VISA | ☐ MASTERCARD |
| CARD NUMBER  PLUS 3 DIGIT SECURITY  CODE (on back of card) | | EXP. DATE / |
| CARDHOLDER SIGNATURE | | AMOUNT $ |

PO Box 16187
Fresno CA 93755-6187
RETURN SERVICE REQUESTED

November 4, 2020

███████753-001       649702138

TIMOTHY PYLE

ACCESS CAPITAL SERVICES, INC.
PO Box 16187
Fresno CA 93755-6187

Account #: ███████753
Balance:   $1,002.43

☐ Enclosed is payment in full

